# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SELBY, | : | |
| | : | Civil No. 3:10-CV-1554 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WILLIAM SCISM, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION AND ORDER

**I.     Statement of Facts and f the Case**

This case comes before the Court on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by Michael Selby, an inmate currently incarcerated at the Low Security Correctional institution, Allenwood, where he is presently serving a 188-month federal drug sentence. According to Selby's petition, that sentence reflected the court's finding that Selby was a Career Offender. (Doc. 1.)  In his petition, Selby notes that he has unsuccessfully appealed this sentence, and filed a motion to correct this sentence under 28 U.S.C. §2255, which was also denied by the courts. Selby then invites this Court to embrace  claims that have been repeatedly rebuffed by the courts in the past, and impose a different, and more lenient, sentence upon him. Thus, dissatisfied with the outcome of these prior proceedings, on July 27, 2010, Selby filed the instant habeas corpus petition under 28 U.S.C. § 2241 with this

Court, asserting that the sentencing court incorrectly enhanced his federal sentence by classifying him as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. (Doc. 1.) Consequently, Selby claims that he is "actually innocent" of being a career offender, (id.), and asserts that one of the remedies he unsuccessfully sought in the past, a motion under 28 U.S.C. § 2255, is inadequate and ineffective to address this sentencing issue. On the basis of this bald assertion, Selby urges this Court to grant him relief through a writ of habeas corpus and set aside his sentence, which has been twice examined and upheld by the courts.

In addition to this petition, Selby has filed a motion for leave to seek discovery in connection with this habeas petition, and has tendered a series of interrogatories and requests for admission which he wishes to compel the government to answer. (Doc. 3.) Selby has also filed a motion for a hearing on his petition. (Doc. 2.)

For the reasons set forth below, Selby's motions for discovery and a hearing (Docs. 2 and 3) are DENIED. Instead, Selby is advised that it appears that his petition may be subject to summary dismissal since all of the matters raised here are issues which have been, and by law properly should be, addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255. Accordingly Selby is instructed to file a response to this order, showing cause why his petition should not be dismissed, on or before **August 18, 2010**.

## II. Discussion

### A. Selby's Petition May be Subject to Summary Dismissal

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)

(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now well-settled that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to

challenge the lawfulness of their sentences must typically file motions under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition

must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Selby makes in his petition do not appear to demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Selby's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrowly defined instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Nothing in Selby's petition suggests that this narrow exception has any legitimate application to the instant proceedings.

Nor can Selby belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of the Career Offender sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which

relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 was either ineffective or inadequate to enable Selby to test the legality of his sentence.

At bottom, Selby invites this Court under the guise of a habeas petition to do something which it declined to do when presented with a proper motion to correct his sentence under 28 U.S.C. §2255. He asks the Court to eschew the Career Offender status that he gained through his own prior criminal recidivism, re-calculate his guidelines imprisonment range under the federal sentencing guidelines, and impose a new, different and more lenient sentence upon him. It appears that we should decline this invitation, given that Selby has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, absent the presentation of further facts or legal argument demonstrating an entitlement to relief, it appears that this Court should dismiss this petition for lack of jurisdiction.

We recognize that in *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-

Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) Accordingly, Selby is advised that it appears that his petition may be subject to summary dismissal since all of the matters raised here are issues which have been, and by law properly should be, addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255. Therefore, Selby is instructed to file a response to this order, showing cause why his petition should not be dismissed, on or before **August 18, 2010**.

### B. Selby Is Not Entitled At This Time to a Hearing or Discovery

Selby has also filed a motion for a hearing on his petition, (Doc. 2), as well as a motion for leave to seek discovery in connection with this habeas petition, and has tendered a series of interrogatories and requests for admission which he wishes to compel the government to answer. (Doc. 3.) Given our threshold legal concerns regarding the adequacy of Selby's petition, we will DENY these motions at this time, without prejudice to reconsideration of these issues once the threshold question of Selby's entitlement to maintain this action is addressed.

At the outset, with respect to Selby's request for a hearing on his petition (Doc. 2), we will deny this motion at this time as we continue our merits review of this petition. In this regard, we note that, although we have the discretion to order such

8

a hearing, typically there are only limited instances in which a hearing will be necessary or appropriate on a habeas petition. See Rolan v. Vaughn 445 F.3d 671, 680 (3d Cir. 2006)(§2254 petition). In the exercise of our discretion, therefore, we should limit hearings to those instances where there are no threshold legal obstacles to habeas relief, and the development of a factual record is essential to informed decision-making. At this time, the Petitioner has not made a showing justifying an evidentiary hearing on this habeas petition since he has not yet addressed the threshold legal issue we have identified in this memorandum regarding whether habeas relief is either appropriate or available here. Therefore, we will DENY this motion for a hearing, without prejudice to reconsidering this request at such time, if any, that it becomes apparent that a hearing is warranted.

As for Selby's request for discovery, (Doc. 3) it is well-settled that habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

These discovery rules in § 2254 petitions apply with equal force to federal habeas petitions under § 2241. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that habeas rules are "applicable to Section 2241 petitions through Rule 1(b)"). In this case we have already placed Selby on notice that "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Since a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction; Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972), "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

At this time, the Petitioner has not made a showing justifying further discovery on the merits of this habeas petition since he has not yet addressed the threshold legal issue we have identified in this memorandum regarding whether habeas relief is appropriate here. Therefore, we will DENY this motion for discovery, without

prejudice to reconsidering this request at such time, if any, as it becomes apparent that further discovery is warranted.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that Selby's motions for discovery and a hearing (Docs. 2 and 3) are DENIED. Instead, Selby is advised that it appears that his petition may be subject to summary dismissal since all of the matters raised here are issues which have been, and by law properly should be, addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255. Accordingly Selby is instructed to file a response to this order, showing cause why his petition should not be dismissed, on or before **August 18, 2010**.

SO ORDERED this 2d day of August 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge