# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SELBY, | : | |
| | : | Civil No. 3:10-CV-1554 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WILLIAM SCISM, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM OPINION AND ORDER

**I.    Statement of Facts and of the Case**

This case comes before the Court on a motion for release from custody filed by Michael Selby, a federal prisoner who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Selby, an inmate currently incarcerated at the Low Security Correctional institution, Allenwood, where he is presently serving a 188-month federal drug sentence, is seeking through this petition to challenge the Court's finding at his sentencing that he was a Career Offender. (Doc. 1.)  In his petition, Selby notes that he has unsuccessfully appealed this sentence, and filed a motion to correct this sentence under 28 U.S.C. §2255, which was also denied by the courts. Selby then invites this Court to embrace  claims that have been repeatedly rebuffed by the courts in the past, and impose a different, and more lenient, sentence upon him.

Having filed this petition Selby now moves for release from custody while he litigates this claim. (Doc. 5.) For the reasons set forth below, Selby's request will be denied.

## II. Discussion

### A. Selby Is Not Entitled to Release Pending Resolution of this Petition

As an inmate serving a criminal sentence, Michael Selby must make a demanding showing to justify release from custody pending litigation of his habeas corpus petition. With respect to such bail requests by inmate habeas petitioners:

> [C]ourts that have been faced with requests for bail prior to ruling on a habeas petition have developed standards requiring that a habeas petitioner (1) make out a clear case for habeas relief on the law and facts, or (2) establish that exceptional circumstances exist warranting special treatment, or both. See, e.g., Eaton v. Holbrook, 671 F.2d 670, 670 (1st Cir.1982); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir.1981); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974).

Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).

In this case, we find that Selby plainly has not met this demanding standard of proof justifying release pending the resolution of this petition. At the outset, Selby does not allege, or prove, any "exceptional circumstances" justifying release from custody in his motion. Thus, he fails to make any claim that would bring his petition

within that narrow realm of extraordinary cases where release pending resolution of the habeas petition is appropriate.

Moreover, Selby has not made out a clear case for habeas relief on the law and facts, another prerequisite for release pending resolution of a habeas petition. Quite the contrary, as we have previously noted, it appears that Selby's petition may be subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2

(3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now well-settled that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal

prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of

the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Selby makes in his petition do not appear to demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Selby's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrowly defined instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Nothing in Selby's petition suggests that this narrow exception has any legitimate application to the instant proceedings.

Nor can Selby belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of the Career Offender sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts,

6

including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 was either ineffective or inadequate to enable Selby to test the legality of his sentence.

At bottom, Selby invites this Court under the guise of a habeas petition to do something which it declined to do when presented with a proper motion to correct his sentence under 28 U.S.C. §2255. He asks the Court to eschew the Career Offender status that he gained through his own prior criminal recidivism, re-calculate his guidelines imprisonment range under the federal sentencing guidelines, and impose a new, different and more lenient sentence upon him. It appears that we should decline this invitation, given that Selby has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, absent the presentation of further facts or legal argument demonstrating an entitlement to relief, it appears that this Court should dismiss this petition for lack of jurisdiction. Nonetheless, we

recognize that in *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004) Accordingly, we have advised Selby that it appears that his petition may be subject to summary dismissal since all of the matters raised here are issues which have been, and by law properly should be, addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255, and instructed him to file a response to this order, showing cause why his petition should not be dismissed.

In short, until Selby complies with this Court's prior order, makes out a clear case for habeas relief on the law and facts, and demonstrates that exceptional circumstances exist warranting special treatment, we cannot entertain his motion for release. Therefore, the motion must be denied.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that Selby's motion for release pending resolution of this habeas petition (Doc. 5) is DENIED.

SO ORDERED this 4th day of August 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge