# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SELBY, | : | |
| | : | Civil No. 3:10-CV-1554 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WILLIAM SCISM, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

In this case, Michael Selby, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Selby is an inmate currently incarcerated at the Low Security Correctional institution, Allenwood, where he is presently serving a 188-month federal drug sentence. In his petition, Selby seeks to challenge the district court's initial finding at his sentencing that he was a Career Offender. (Doc. 1.) With respect to this sentence, Selby notes that he has unsuccessfully appealed this sentence, and filed a motion to correct this sentence under 28 U.S.C. §2255, which was also denied by the court. Selby also asserts that he sought leave to file a second or successive § 2255 petition, but was rebuffed in this effort. (Doc. 8, p. 5.)

Thus, Selby now invites this Court to embrace claims that have been repeatedly rejected in the past, and impose a different, and more lenient, sentence upon him. Specifically, dissatisfied with the outcome of these prior proceedings, on July 27, 2010, Selby filed the instant habeas corpus petition under 28 U.S.C. § 2241 with this Court, asserting that the sentencing court incorrectly enhanced his federal sentence by classifying him as a Career Offender under Section 4B1.2 of the United States Sentencing Guidelines. (Docs. 1 and 8.) According to Selby, this previously imposed sentence may be affected by a retroactive application of the United States Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). In particular, Selby insists that Begay compels the conclusion that his prior conviction for simple assault may not be considered as a crime of violence for purposes of the Career Offender sentencing enhancement. (Doc. 8, p.5.) Consequently, Selby claims that he is "actually innocent" of being a career offender, (id.), and asserts that one of the remedies he unsuccessfully sought in the past, a motion under 28 U.S.C. § 2255, is inadequate and ineffective to address this sentencing issue. On the basis of this assertion, Selby urged this Court to grant him relief through a writ of habeas corpus and set aside his sentence, a sentence which he admits has been previously examined and upheld by the courts.

On August 2, 2010, we advised Selby that it appeared that his petition may be subject to summary dismissal since all of the matters raised here are issues which by law properly should be addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255. Accordingly Selby was instructed to file a response to this order, showing cause why his petition should not be dismissed. (Doc. 4.) Selby has fully complied with this order submitting a response and brief in support of this habeas petition. (Docs. 7 and 8.) However, our review of this response leaves us convinced that this matter still is not appropriately brought as a habeas petition under 28 U.S.C. § 2241. Therefore, we recommend that this petition be DENIED, and Selby be instructed to bring such claims as he may have to the attention of the sentencing judge by following the procedures prescribed by law for obtaining approval to submit successive motions to correct sentence under 28 U.S.C. § 2255.

**II.    Discussion**

   **A.    Selby's Petition Should Be Dismissed Since he Does Not Meet the Prerequisites for Habeas Relief Under 28 U.S.C. § 2241.**

In this case, we find that Selby–a federal prisoner seeking to correct a previously imposed sentence–has not made out a valid case for pursuing habeas relief in lieu of a motion to correct sentence under 28 U.S.C. § 2255. This showing, which

3

Selby has not made, is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since Selby has not made a showing justifying habeas relief, in lieu of a motion under § 2255, Selby's petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal

prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the

Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner

improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Selby makes in his petition do not appear to demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Selby's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrowly defined instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Selby's pleadings simply do not demonstrate that this narrow exception has any legitimate application to the instant proceedings.

At the outset, it is evident that nothing in Selby's petition suggests that Selby's prior drug trafficking conviction no longer entails conduct which is unlawful. Therefore, Selby cannot avail himself of Dorsainvil's narrow holding that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Conceding that his offense of

7

conviction is still a crime, Selby nonetheless argues with great vigor that he should be entitled to pursue habeas relief, in lieu of a motion under § 2255, because the Supreme Court's decision in Begay represented a fundamental shift in the legal sentencing paradigm applicable to his case, a fundamental change in sentencing law which should be applied retroactively to this Defendant. (Doc. 8, pp. 3-7.) The difficulty with this argument is that Selby's conclusion–that he should be entitled to pursue a habeas petition in lieu of a § 2255 motion– does not follow from his premise that Begay should be applied retroactively to his case. Thus, even if we concede that Begay may arguably have some retroactive application, an issue that is actively contested in the courts, it remains clear that the process by which Selby should raise this issue is not a habeas petition under § 2241. Rather, Selby should endeavor to present this claim to the sentencing judge in a properly framed second or successive motion for relief under 28 U.S.C. § 2255.

While we take no position on whether Selby may be able to successfully obtain leave from the United States Court of Appeals to file a second or successive motion for relief under § 2255 with the United States District Court, to the extent Selby wishes to pursue such relief, he should consult the Rules Governing Section 2255 Proceedings for the United States District Courts. In particular, Selby is directed to Rule 9, which provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing

the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."

See also 28 U.S.C. § 2244(b)(3) (outlining procedure for obtaining leave from the court of appeals to file a second or successive motion for relief in the district court); 28 U.S.C. § 2255(h) (providing that a second or successive petition "must be certified" by a panel of the appropriate court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence of the whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

Reliance on the process for pursuing second and successive motions to correct sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of Selby's claims. To the extent that Selby seeks to set aside his Career Offender status, and obtain a re-sentencing, by challenging whether a prior simple assault conviction qualifies as a crime of violence for sentencing purposes, it is evident that his request, if successful, may call for further fact-finding by the sentencing judge. See United States v. Johnson, 587 F.3d 203 (3d Cir. 2009)(remanding Begay claim challenging state simple assault conviction for further proceedings before the sentencing judge). Thus, the sentencing issue framed by this petition is one uniquely within the purview

of the sentencing judge, and one which is uniquely susceptible to resolution through a motion to correct sentence under § 2255.

Furthermore, while Selby asserts that he has tried, unsuccessfully, to file successive § 2255 petitions, (Doc. 8, p. 5), this assertion, standing alone, does not demonstrate that § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this regard it bears repeating that: "It is the inefficacy of the remedy [under § 2255], not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . ." Cradle, 290 F.3d at 539. Therefore, Selby may not simply rely upon the prior refusal of the court to grant him relief under § 2255 to justify foregoing such a motion at this time..

Nor can Selby belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of the Career Offender sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v.

Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 is either ineffective or inadequate to enable Selby to test the legality of this aspect of his sentence.

At bottom, Selby invites this Court under the guise of a habeas petition to do something which the sentencing court declined to do when presented with a motion to correct his sentence under 28 U.S.C. §2255. He asks the Court to eschew his Career Offender status, re-calculate his guidelines imprisonment range under the federal sentencing guidelines, and impose a new, different and more lenient sentence upon him. It appears that we should decline this invitation, given that Selby has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should dismiss Selby's § 2241 petition for lack of jurisdiction, but without prejudice to Selby taking whatever action he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

We recognize that *pro se* petitioners often should be afforded an opportunity to amend their pleadings before a prayer for relief is denied, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is

clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, we provided Selby with an opportunity to amend these pleadings, but to no avail. Since Selby has been afforded the opportunity to correct the deficiencies identified in the petition, has failed to state a viable claim under § 2241, and the factual and legal grounds proffered by Scott make it clear that he has no right to relief under §2241, granting further leave to amend would be futile or result in undue delay. Alston, 363 F.3d at 235. Therefore, it is recommended that the petition be denied without further leave to amend, but with instructions that Selby pursue any relief in this matter under § 2255 through a properly framed second or successive motion to correct his sentence..

### III.  RECOMMENDATION

For the reasons set forth above, it is RECOMMENDED that the Court deny Selby's petition for a writ of habeas corpus (Doc. 1) on the grounds that the Court lacks jurisdiction to consider the petition, but without prejudice to Selby taking whatever action he deems appropriate under § 2255 to preserve and present this issue in a second or successive motion to correct his sentence.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: August 18, 2010