# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SELBY,** | : | No. 3:10cv1554 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| **WILLIAM SCISM,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court is the report and recommendation of Magistrate Judge Martin C. Carlson, which proposes that the court dismiss the instant petition for a writ of habeas corpus. The petitioner has filed objections to that recommendation[1], bringing the case to its present posture.

## Background

Petitioner Michael Selby pled guilty to charges of conspiracy to possess with intent to distribute a controlled substance on October 12, 2005, and received a sentence of 188 months. (Petition for Writ of Habeas Corpus (Doc. 1)). He appealed the conviction and sentence to the United States Court of Appeals for the Third Circuit. (Id.). That court affirmed the sentence on January 3, 2007. (Id.). Petitioner subsequently filed a motion to vacate the judgment pursuant to 28 U.S.C.

---

[1]The petitioner has captioned his filing as a motion for reconsideration of the Magistrate Judge's report and recommendation. Because petitioner does not raise the grounds traditionally associated with a motion for reconsideration, the court will treat the petitioner's filing as objections and evaluate the document on those terms.

§ 2255, raising grounds of ineffective assistance of counsel and inaccuracies in the pre-sentence investigation. (Id.). Both the district court and the Court of Appeals denied this motion. (Id.). That court subsequently denied two applications by the petitioner for permission to file a second or successive petition pursuant to 28 U.S.C. §2255. (See Brief in Support of Petition for Habeas Corpus (Doc. 1) at 3). Petitioner then filed the instant petition for a writ of habeas corpus on July 27, 2010. (See Doc. 1). As grounds, petitioner complains that he was improperly sentenced as a career offender. A Pennsylvania court convicted him of simple assault, and this charge does not qualify as a "crime of violence" under the United States Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). Thus, petitioner insists, he did not qualify for classification as a career offender and his sentence was improper. He also asserts that he may proceed under 28 U.S.C. § 2241 because Begay represents a retroactively applicable substantive change in federal law, which provides him with another opportunity to challenge his sentence.

On August 18, 2010, Magistrate Judge Carlson issued a report and recommendation that proposed the court dismiss petitioner's claims as improperly brought under Section 2241. Magistrate Judge Carlson found that petitioner had not made a showing that Section 2255 was inadequate or ineffective as a means of challenging the legality of his detention, and thus Section 2241 was unavailable to him. Petitioner filed objections to this recommendation, bringing the case to its present posture.

2

**Jurisdiction**

Petitioner brings this action pursuant to 28 U.S.C. § 2441. As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Under 28 U.S.C. § 1915(d), the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Courts undertake such an evaluation before service of the complaint.

**Discussion**

3

Petitioner objects to the magistrate judge's recommendation that his claim be dismissed for want of jurisdiction because it should have been brought under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. He contends that no relief is available to him under Section 2255 and thus his remedy exists under Section 2241.[2] Petitioner points to the decision of the United States Supreme Court in Begay v. United States, 553 U.S. 137 (2008), to argue that a substantive change in the controlling law that applies retroactively to his case has appeared. Because of this change in the law, petitioner argues, he is entitled to bring his case under Section 2241. He points to case law from other districts and circuits which he contends establishes his right to file the instant petition under these circumstances.

At issue here is the relationship between the two statutes. Section 2241 provides that a court may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2255 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" can move the court to

---

[2] Petitioner captioned his original filing as a Section 2255 case rather than a Section 2241 case. He apparently accepts that he filed the action pursuant to Section 2241, however, since he filed a document explaining to the court why his case should be considered a Section 2241 matter. In any case, plaintiff could not have filed a Section 2255 action, as explained *infra*.

4

set aside the sentence. 28 U.S.C. §2255(a). Moreover, Section 2255 is the sole remedy for a prisoner seeking to challenge his sentence in such fashion, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

As such, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas petition under § 2241 cannot be entertained by the court." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). A motion under Section 2255 "is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. Inadequacy comes when "the remedy" is ineffective, not when a petitioner finds himself unable to use that remedy. Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

The magistrate judge concluded that petitioner had not met these stringent standards, in part because petitioner has not alleged that a change in the law has made him actually innocent of the crime for which he was convicted, but instead contends that he should no longer be considered a career offender under the sentencing laws. Instead, the magistrate judge determined, plaintiff seeks to have the court apply Begay retroactively to his case and provide him with a lesser

5

sentence. This matter, the magistrate judge concluded, is more properly the subject of a second or successive motion pursuant to Section 2255 than the subject of a petitioner under Section 2241. The magistrate judge therefore found that instead of filing a motion with this court the petitioner should have sought permission to file such a motion from the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).

The court agrees with the magistrate judge and will adopt the report and recommendation. Defendant seeks to have the court determine that a change in the controlling law invalidates his sentence, and argues that Section 2255 is inadequate for addressing this claim. The court disagrees. Section 2255 provides for petitioners who contend that new evidence or new controlling law calls their confinement into question to seek a writ. The statute, however, requires a petitioner seeking to file a second or successive petition for writ of habeas corpus to obtain a certification "by a three judge panel of the court of appeals [that the motion] contain[s]: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997) (quoting 28 U.S.C. § 2255). Petitioner therefore has a remedy under the statute adequate for addressing his claims, even if the Court of Appeals

6

rejects his application. Petitioner therefore cannot avail himself of Section 2241. Plaintiff's challenge to his conviction on these grounds must begin with a motion to the Circuit Court.

**Conclusion**

For the reasons stated above, the court will adopt the report and recommendation and dismiss the instant petition. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SELBY, | : | No. 3:10cv1554 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| WILLIAM SCISM, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 23rd day of September 2010:

1. The petitioner's objections (Doc. 11) to the report and recommendation of Magistrate Judge Martin C. Carlson are hereby **OVERRULED**;

2. The Report and Recommendation (Doc. 12) is hereby **ADOPTED**;

3. The instant petition for a writ of habeas corpus is hereby **DISMISSED**; and

4. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munely
**JUDGE JAMES M. MUNLEY**
**United States District Court**